This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37469**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JOSEPH KANIZAR,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Gregory B. Dawkins, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Following his conditional, no contest plea to aggravated driving under the influence of intoxicating liquor or drugs (DUI), NMSA 1978, § 66-8-102(D)(1) (2016), Defendant Joseph Kanizar appeals the district court's denial of his motion to suppress evidence of his intoxication collected during a traffic stop. Defendant argues that the traffic stop violated his right to protection from an unreasonable seizure under the

Fourth Amendment of the United States Constitution and its corollary, Article II, Section 10 of the New Mexico Constitution. We affirm.

## BACKGROUND

**{2}** Officer Hunter Weaver was patrolling the streets of Farmington, New Mexico after midnight when he began following a car driven by Defendant. Defendant was driving toward an intersection and from there turned right. Officer Weaver observed what he believed were three traffic violations committed by Defendant: coming to a stop on the crosswalk at the intersection; not turning as close as practicable to the right-hand curb; and, after the turn, straddling the left-side, solid line of the middle lane. Seeing this, Officer Weaver pulled Defendant over. Officer Weaver approached Defendant's passenger side initially. When the passenger opened the door, Officer Weaver was "overcome with the odor of alcoholic beverages" coming from the cab. Defendant then submitted to field sobriety tests, and Officer Weaver arrested him for DUI.

**{3}** In addition to aggravated DUI, the State charged Defendant with committing the first two traffic violations Officer Weaver observed: failing to stop or yield at an intersection, contrary to NMSA 1978, Section 66-7-345(D) (2003), and improper turning at an intersection, contrary to NMSA 1978, Section 66-7-322(A) (1978).

**{4}** Defendant moved to suppress the evidence leading to the DUI charge, arguing that he did not commit the traffic violations. Without reasonable suspicion for the stop, he said, it was illegal, and so the evidence resulting from it could not be used against him.

**{5}** The district court held a hearing on the motion. Officer Weaver testified at the hearing, and a video recording of the incident taken from his patrol car's dash camera was played. The court withheld its decision until after the hearing, but ultimately denied the motion.

## DISCUSSION

**{6}** The denial of a motion to suppress presents us with a mixed question of fact and law. *State v. Martinez*, 2018-NMSC-007, ¶ 8, 410 P.3d 186. Regarding questions of fact, we defer to the district court's factual findings, viewing them in the light most favorable to the prevailing party, and upholding them if they are supported by substantial evidence. *See, e.g.*, *id.* ¶¶ 3, 8. "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Grubb*, 2020-NMCA-003, ¶ 18, 455 P.3d 877 (internal quotation marks and citation omitted). Where, as here, a district court in a suppression hearing receives evidence in the form of both witness testimony and video, "we must review the totality of the circumstances and must avoid reweighing individual factors in isolation." *Martinez*, 2018-NMSC-007, ¶ 12.

**{7}** We then review the application of the law to the facts supported by substantial evidence de novo—in this case by "making a de novo determination of the constitutional reasonableness of the . . . seizure." *Id.* ¶ 8 (internal quotation marks and citation omitted). We note, as relevant here, that there is no Fourth Amendment or Article II, Section 10[1] violation when a police officer stops a driver whom the officer reasonably suspects has violated a traffic law. *See id.* ¶¶ 10-11; *see also State v. Farish*, 2018-NMCA-003, ¶ 16, 410 P.3d 239 ("Our obligation as a reviewing court is to objectively judge the circumstances known to the officer to determine whether from the circumstances a reasonable person would believe that criminal activity occurred or was occurring." (internal quotation marks and citation omitted)).

**{8}** On appeal, Defendant maintains that the evidence does not show that he committed any of the traffic violations that Officer Weaver allegedly witnessed and which served as the basis for the stop. Defendant also takes issue with the legal conclusion—that the stop was supported by reasonable suspicion of impairment—drawn by the district court in its order denying the motion. The district court found as follows.

> [U]nder the totality of the circumstances Officer Weaver had reasonable suspicion to stop . . . Defendant's vehicle. Officer Weaver observed, and the video of the incident confirms, that . . . Defendant made a wide turn after leaving an intersection. Accordingly, it is presumed that the tires cross over or straddle the double yellow line painted on the roadway. The observed violation, in addition to the other driving behavior observed by the officer, provided Officer Weaver with reasonable suspicion that the driver of the vehicle was impaired. The reasonable suspicion for the stop is a reasonable suspicion of impairment, not because the officer observed three distinct crimes in the officer's presence.

Aside from contesting the evidence of traffic violations, Defendant argues that the district court could not have found that Officer Weaver had reasonable suspicion of impairment. That is, Defendant argues, if he did not commit the traffic violations and otherwise did not drive in a way indicating impairment, then the court could not have found reasonable suspicion to justify the stop.

**{9}** Before we reach the merits of Defendant's first argument—that he committed no traffic violation, we address his second argument—that the district court's reasonable suspicion of impairment conclusion was error. We need not consider whether the evidence and law support the conclusion that there was reasonable suspicion Defendant was committing DUI, an explanation not given by Officer Weaver. This is because we uphold the district court's ruling on alternative grounds—i.e., that Officer Weaver had reasonable suspicion Defendant committed a traffic violation. *Cf. Farish*,

---

1Although Defendant cites Article II, Section 10, he does not argue that "the New Mexico Constitution . . . require[s] more than a reasonable suspicion that the law is being or has been broken to conduct a temporary, investigatory traffic stop[,]" nor has our Constitution been interpreted to require such. *Martinez*, 2018-NMSC-007, ¶ 10 n.1 (internal quotation marks and citation omitted).

2018-NMCA-003, ¶¶ 5, 16, 19 (holding that, under the right for any reason doctrine, the defendant's traffic stop was justified on a statutory basis different from that relied on by the district court). There being reasonable suspicion to support the initial stop, and Defendant making no claim that the scope of the stop was unreasonably expanded into a DUI investigation, our analysis is complete and we need not evaluate the district court's conclusion that there was reasonable suspicion of impairment. *See State v. Neal*, 2007-NMSC-043, ¶ 20, 142 N.M. 176, 164 P.3d 57 (observing that "a police officer making a lawful stop may conduct an investigation reasonably related to the circumstances that gave rise to the officer's reasons for the stop" and "[t]he officer may expand this investigation if the officer has reasonable and articulable suspicion that other criminal activity has been or may be afoot" (internal quotation marks and citation omitted)).

**{10}** Having reviewed Officer Weaver's testimony and the dash camera video, we conclude that substantial evidence supports the finding that Defendant violated at least one traffic law. Specifically, the evidence is sufficient to support the district court's finding that "Officer Weaver observed, and the video of the incident confirms, that . . . Defendant made a wide turn after leaving an intersection[,]" a turn that constituted a violation of Section 66-7-322.

**{11}** Section 66-7-322(A) requires a driver intending to turn at an intersection, both on approach for the turn and in making the turn, to keep "as close as practicable to the right-hand curb or edge of the roadway[.]" Defendant argues he did this. He reasons as follows: the dash camera did not pick up the turn (and so it cannot be relied on for evidence to disprove Defendant's allegation); the turn "may have been necessarily wide[] as a matter of physics"; and there were discrepancies in Officer Weaver's subsequent testimony about Defendant's straddling the solid line (and so his testimony about the turn should not be believed).

**{12}** Defendant's arguments falter, and the district court's finding prevails, for the following reasons. First, as Defendant acknowledges, the video does not capture the full turn. Its utility to Defendant is thus negligible at best. The video essentially would have to "squarely contradict[]" Officer Weaver's testimony for it to undermine the district court's finding, *see Martinez*, 2018-NMSC-007, ¶¶ 16-17, and it does not.

**{13}** Second, to the extent that Defendant tries to defeat this testimony by offering explanations why the turn was necessarily wide and offering reasons Officer Weaver should not be believed, we disregard Defendant's pleas. Inferences and evidence contrary to the district court's finding have no place in our analysis. *See id.* ¶ 15.

**{14}** Last, and importantly, Officer Weaver supplied substantial evidence that Defendant's turn was wider than necessary. He testified at the hearing that he pulled Defendant over for, among other reasons, "making a wide right-hand turn." He added that the turn was "far from" being as close to the curb as possible, that he recalled no observable reason to make such a wide turn, that Defendant's car straddled the solid line of the middle lane after the turn, and that when he made the same turn, he was able

to avoid such straddling and maintain his lane. We credit this testimony, since it supports the district court's conclusion that Defendant violated Section 66-7-322(A). *See Martinez*, 2018-NMSC-007, ¶ 15 (presuming that the district court, which found reasonable suspicion for a traffic violation-based stop, credited an officer's testimony that the defendant committed the violation).

**{15}** All in all, Officer Weaver's testimony provides substantial evidence that Defendant's turn was not as close as practicable to the right-hand curb. We therefore accept the district court's finding that Defendant was seen to have committed a traffic violation. The violation gave Officer Weaver reasonable suspicion to pull Defendant over, and so the stop was reasonable under the Fourth Amendment and Article II, Section 10. Accordingly, the district court's denial of Defendant's suppression motion was proper.

**CONCLUSION**

**{16}** We affirm.

**{17} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JENNIFER L. ATTREP, Judge**